UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMUEL NUNEZ-NUNEZ,<br><br>        Defendant. | No. CR-10-6007-FVS-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

**THIS MATTER** came before the Court on June 28, 2013, based upon Samuel Nunez-Nunez's motion to dismiss the superseding indictment. He was represented by Rick L. Hoffman. The United States was represented by Alexander C. Ekstrom. This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

On June 15, 2010, a superseding indictment was filed charging Samuel Nunez-Nunez with the crime of possession of a false social security card. 42 U.S.C. § 408(a)(7)(C). An arrest warrant was issued the same day. Mr. Nunez-Nunez was living at 4012 Fernwood Lane, Pasco, Washington, when the superseding indictment was filed. He was arrested at that location on May 7, 2013. On June 6, 2013, he moved to dismiss the superseding indictment on the ground the United States' 34-month delay in arresting him violated his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution.

Order - 1

**ANALYSIS**

The Sixth Amendment provides, in part, that the accused in a criminal prosecution "shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. The Supreme Court balances four factors when deciding whether a Sixth Amendment violation has occurred: "(1) whether delay before trial was uncommonly long, (2) whether the government or the defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The first factor to consider is the length of delay. Mr. Nunez-Nunez must establish that the delay which occurred in his case was long enough to establish a presumption of prejudice; otherwise, his speedy trial claim fails at the threshold. *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir.2003). "[T]here is a general consensus among the courts of appeals that eight months constitutes the threshold minimum." *Id.* at 1162 n.3. The delay in this case -- 34 months -- easily exceeds the threshold. Mr. Nunez-Nunez has established a presumption of prejudice. It is appropriate, then, to examine the second, third, and fourth factors that are listed above.

The second factor to consider is responsibility for the delay. Mr. Nunez-Nunez alleges he was living openly at 4012 Fernwood Lane at all times relevant to this action. The United States does not dispute

Order - 2

his allegation.  All the United States can say in response is that he gave a former employer a different address.  The United States may be correct in that regard.  The United States may have been faced with contradictory addresses.  In such situations, the United States has a duty to determine whether either address is correct.  Here, both addresses were located within a matter of miles of each other.  It would not have difficult for the United States to investigate the 4012 Fernwood Lane address.  The United States has not attempted to explain why it failed to do so before May 7, 2013.  Consequently, the United States must bear sole responsibility for the 34-month delay.

   The third factor to consider is whether Mr. Nunez-Nunez timely asserted his right to speedy trial.  *United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir.2008).  At this juncture, there is no indication Mr. Nunez-Nunez knew, prior to his arrest, that he had been charged with a federal crime.  He was arrested on May 7, 2013.  On June 6th, he cited his Sixth Amendment right to a speedy trial and moved to dismiss the superseding indictment.  Clearly, he alleged a speedy-trial violation in a timely manner.

   The fourth factor to consider is whether Mr. Nunez-Nunez has suffered actual prejudice.  Three forms of actual prejudice can flow from post-indictment delay:  "(1)oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Mendoza*, 530 F.3d at 764 (internal punctuation and citation omitted).  Here, it is the third of which Mr. Nunez-Nunez

Order - 3

complains. He alleges a percipient witness of the events that give rise to the superseding indictment, a Mr. Michael Smith, died on April 27, 2010. The United States does not dispute the fact of Mr. Smith's death or the potential significance of his testimony. The Court is mindful Mr. Smith died before the superseding indictment was filed. Nevertheless, Mr. Nunez-Nunez might have been able to mitigate the loss of Mr. Smith's testimony had he known during the Summer of 2010 that he was facing the instant charge.

**CONCLUSION**

The first three *Barker* factors -- length of delay, responsibility for the delay, and prompt assertion of Sixth Amendment rights -- strongly support Mr. Nunez-Nunez's request for dismissal. The United States waited over 34 months to arrest Mr. Nunez-Nunez. The United States is almost solely responsible for the delay, and Mr. Nunez-Nunez promptly asserted his Sixth Amendment rights after he was arrested. That leaves the matter of actual prejudice. Mr. Nunez-Nunez cites the death of Michael Smith. The United States does not deny Mr. Smith was a percipient witness to events giving rise to the superseding indictment. Had the United States arrested Mr. Nunez-Nunez during the Summer of 2010, he might have been able mitigate the loss of Mr. Smith's testimony. Admittedly, Mr. Nunez-Nunez's showing of actual prejudice is somewhat speculative. However, the United States has not attempted to demonstrate Mr. Nunez-Nunez presently has the means to mitigate the loss of Mr. Smith's testimony. That being the case, the Court concludes Mr. Nunez-Nunez has suffered actual prejudice as a

result of the United States' 34-month delay in effecting his arrest and his Sixth Amendment right to a speedy trial has been violated.

**IT IS HEREBY ORDERED:**

1. Mr. Nunez-Nunez's "Motion to Dismiss" (**ECF No. 34**) is **granted**. The superseding indictment is dismissed with prejudice.

2. Mr. Nunez-Nunez's "Motion for Discovery" (**ECF No. 33**) is **denied as moot.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment of dismissal, furnish copies to counsel, and close this case.

**DATED** this ___1st___ day of July, 2013.

>            s/ Fred Van Sickle
>            Fred Van Sickle
> Senior United States District Judge

Order - 5